UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
CHERYL PETRONE,                      )
                                     )
          Plaintiff,                 )   CIVIL ACTION NO.
                                     )   11-10720-DPW
v.                                   )
                                     )
LONG TERM DISABILITY INCOME PLAN     )
FOR CHOICES ELIGIBLE EMPLOYEES       )
OF JOHNSON & JOHNSON AND             )
AFFILIATED COMPANIES                 )
                                     )
          Defendant.                 )
```

MEMORANDUM AND ORDER
March 31, 2014

The Plaintiff in this matter, Cheryl Petrone, brought a challenge in this court to the decision by the Johnson & Johnson Corporate Benefits Department denying her claim for continued benefits under the Long Term Disability Income Plan for Choices Eligible Employees of Johnson & Johnson and Affiliated Companies. The parties filed cross-motions for summary judgment, with the Plaintiff requesting that I overturn the denial of her benefits claim and the Defendant requesting affirmance of that decision.

I did not give either party full satisfaction.  Instead, I remanded the matter to the plan administrator.  *See Petrone v. Long Term Disability Income Plan for Choices Eligible Employees of Johnson & Johnson and Affiliated Companies*, 935 F.Supp.2d 278 (D. Mass. 2013).  In reaching a decision to remand the matter, I found that "[t]he record contain[ed] significant evidence in

support of both Ms. Petrone's position and that of the LTD Plan," *Id.* at 296, but that "deficiencies in 'the integrity of [the Plan's] decision making process'" that I deny the Plan's request for summary judgment. *Id.* (citing *Buffonge* v. *Prudential Ins. Co. of Amer.*, 426 F.3d 20, 31 (1st Cir. 2005)). As I explained, the decision of the plan administrator failed to engage with contrary evidence submitted by Ms. Petrone and "[w]here . . . a plan administrator fails to reasonably engage with contrary evidence in the record, summary judgment is not appropriate." *Id.* at 298.

Thereafter, Ms. Petrone filed a motion seeking attorney's fees for the work performed by her attorney, Jonathan Feigenbaum. The Defendant opposed the motion.

On July 25, 2013, after briefing was completed on the request for attorneys' fees, Ms. Petrone submitted a letter with this court providing notice of the disposition of her claim for benefits by the plan administrator. In letter dated July 23, 2013, the plan administrator informed Ms. Petrone's counsel that:

> We have reviewed Ms. Petrone's appeal, together with her entire claim file, including the new documentation that you provided on June 3, 2013. Based on this review, we are pleased to inform you that the denial of Ms. Petrone's claim has been overturned, and that her benefits have been reinstated for the period from January 12, 2009.

## I. DISCUSSION

### A. *Whether an Award is Warranted*

The relevant ERISA provision provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party. 29 U.S.C. § 1132(g)(1).

The Supreme Court has explained that this provision "does not limit the availability of attorney's fees to the 'prevailing party,'" but instead allows for the award of fees where a claimant shows "some degree of success on the merits." *Hardt* v. *Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253, 255 (2010) (quoting *Ruckelshaus* v. *Sierra Club*, 463 U.S. 680, 686 (1983)). "A claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victory, but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." *Id.* at 255 (internal citations, alternations and quotation marks omitted).

In its opposition to Plaintiff's motion for fees, the Defendant argued primarily that my order of remand constituted a "purely procedural victory" and, because the plan administrator

3

had not yet rendered a decision on remand, the Plaintiff had not achieved any "degree of success on the merits."

Whatever force this argument may have had when directed to the remand simpliciter, it has now been overtaken by subsequent events.[1] After the Defendant filed its opposition, the plan administrator reinstated her long term benefits dated from January 2009--the relief requested by Ms. Petrone in her motion for summary judgment in this court.

This case in its present posture--having resulted in a substantive victory for the Plaintiff upon remand to the plan administrator--is now effectively on all fours with, and fully controlled by, *Hardt*.

In *Hardt*, the plaintiff filed for long-term benefits under her employer's long-term disability plan. 560 U.S. at 245.

---

[1] I note that the Defendant's categorical position that a remand does not or cannot constitute "some degree of success on the merits" is not supported by case law. Although the Supreme Court specifically reserved judgment on the issue "whether a remand order, without more, constitutes 'some success on the merits' sufficient to make a party eligible for attorney's fees under § 1132(g)(1)," *Hardt* v. *Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010), the prevailing lower court wisdom appears to be that a remand of an ERISA challenge may trigger a fee award in favor of the plaintiff under § 1132(g). *See, e.g., McCarthy* v. *Commerce Group, Inc.*, 831 F. Supp. 2d 459 (D. Mass. 2011) (remanding ERISA challenge where "the outcome is not clear" based upon a "problem . . . with the integrity of the decision-making process" and awarding attorney's fees); *Richards* v. *Johnson & Johnson*, 2010 WL 3219133 (E.D. Tenn., Aug. 12, 2010) (awarding fees following remand noting that "even if [the plaintiff] is ineligible for benefits, he has still seen success on the merits because his case was remanded for further consideration.") (citation omitted).

4

After the denial of the claim, the plaintiff challenged her plan administrator's decision in District Court. *Id.* at 247. The District Court denied the cross-motions for summary judgment filed by the parties. *Id.* Expressing concerns about the Defendant's decision-making process and finding that the denial decision was "not based on substantial evidence," the District Court remanded the matter to the plan administrator with instructions "to act on [plaintiff's] application by adequately considering all the evidence." *Id.* at 248. The plan administrator then reversed the earlier decision and awarded long-term benefits to the plaintiff. *Id.* at 249. Based upon this set of events, the Supreme Court determined that the plaintiff "achieved 'some success on the merits,' and the District Court properly exercised its discretion to award . . . attorney's fees." *Id.*

Like the plaintiff in *Hardt*, Ms. Petrone is entitled to an award of her reasonable attorneys' fees under 29 U.S.C. § 1132(g)(1).

### B. *The Amount of "Reasonable Fees"*

Along with her motion for fees, the Plaintiff requested a fee award of $60,150, calculated based upon 120.3 hours of work performed by her attorney, Mr. Feigenbaum, valued at a rate of $500 per hour, along with costs in the amount of $461.00. The fee request is supported by affidavits by multiple attorneys

5

attesting to the reasonableness of the $500 rate, and an affidavit and time sheets from Mr. Feigenbaum attesting to the number of hours worked on this matter.

The Defendant has not challenged the rate charged by Mr. Feigenbaum in opposition to Plaintiff's fee request.[2] Nor do they oppose the use of a "lodestar" method in calculating the amount of "reasonable attorneys' fees. The Defendant also does not challenge the amount of costs requested by the Plaintiff. The Defendant does, however, challenge both certain items described on Mr. Feigenbaum's time records and, more generally, certain categories of time entries. More specifically, the Defendant contends that the Plaintiff should not be awarded fees for time spent pursuing legal or factual theories which were ultimately rejected by this Court, such as the Plaintiff's contention that there existed a conflict of interest, which prevented the plan administrator from fairly evaluating Ms. Petrone's claim for benefits, or Plaintiff's arguments in favor of *de novo* review. *See Petrone*, 935 F. Supp. 2d at 288-292.

---

[2] I consequently express no view on the appropriateness of the rate and should not be deemed to have endorsed it. If presented with a challenge to the rate claimed, I would be inclined to conduct a broader inquiry including consideration of the specific agreement with the client and the degree to which this "sticker price" rate is, with due consideration of the contingent character of such litigation, consistent with the actual realization rate in matters as to which Plaintiff's counsel devoted hours during the relevant time period.

As the Defendant correctly notes, where a plaintiff achieves "only partial or limited success," an award of attorney's fees based upon the litigation as a whole would be inappropriate. *Hensley* v. *Eckerhart*, 461 U.S. 424, 435-36 (1983). Here, however, the Plaintiff's litigation initiative has achieved a complete success--receiving, after remand to the plan administrator, precisely the relief requested.

I have reviewed the Plaintiff's fee request line-by-line. I find that both in its parts and in sum the fee request reflects time reasonably needed to achieve the success ultimately realized. I do not find that the amount of time spent by Mr. Feigenbaum on this litigation to be excessive. His submissions were developed with care and full preparation. Such preparation frequently and appropriately requires exploration of collateral lines of factual development, in particular in ERISA cases the exploration of the potential for conflicts of interest. My ultimate determination that "the potential for conflict of interest here is so attenuated [as] to be of little true concern." *Petrone*, 935 F. Supp. 2d at 289, does not undermine the need for such exploration. Given the open textured and potentially fact intensive approach endorsed by the Supreme Court in *Metropolitan Life Ins. Co.* v. *Glenn*, 554 U.S. 105 (2008) and the First Circuit upon reconsideration in light of *Glenn* in *Denmark* v. *Liberty Life Assurance*, 566 F.3d 1 (1st Cir. 2009),

7

exploration of this issue is justified in many cases including this one where the issue is not clear at the outset, and there is no basis for concluding that Mr. Feigenbaum did excessive or disproportionate work to present Plaintiff's position on this issue.  Accordingly, I will grant him fees in the full amount requested.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees (Dkt. No. 48) is GRANTED and Defendant is ordered to pay to the Plaintiff attorney's fees in the amount of $60,150 and costs in the amount of $461.00.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE